MARCUS TULEKUN BOLDEN,

           Petitioner,           Case No. 1:11-cv-310

v.                                      Honorable Paul L. Maloney

LLOYD RAPELJE,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Marcus Tulekun Bolden presently is incarcerated with the Michigan Department of Corrections and housed at the Saginaw Correctional Facility. Following a jury trial, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317. He was sentenced by the Muskegon County Circuit Court on September 26, 2008 to a prison term of 43 to 75 years.

In his habeas application, Petitioner raises the following three grounds:

I. WAS MR. BOLDEN'S RIGHT TO DUE PROCESS VIOLATED BECAUSE THE JURY WAS NOT PROPERLY INSTRUCTED ON ALL OF THE ELEMENTS OF THE OFFENSE. SPECIFICALLY, THE SPECIAL JURY INSTRUCTION REQUESTED BY THE PROSECUTOR AND GIVEN BY THE COURT INCORRECTLY DEFINED THE INTENT NECESSARY FOR SECOND DEGREE MURDER USING AN OBJECTIVE RATHER THAN A SUBJECTIVE TEST?

II. DID THE TRIAL COURT IMPROPERLY ADMIT OTHER ACTS TESTIMONY? BECAUSE OF THIS ERROR, WAS MR. BOLDEN DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL UNDER THE STATE AND FEDERAL CONSTITUTIONS?

III. IS MR. BOLDEN ENTITLED TO RESENTENCING, AS THE TRIAL COURT IMPROPERLY SCORED OFFENSE VARIABLE 7, VIOLATING HIS CONSTITUTIONAL RIGHT TO BE SENTENCED ON ACCURATE INFORMATION AND IN ACCORDANCE WITH SENTENCING LAW?

(App'x C-E to Pet., Page ID##17-19.)

Petitioner's conviction arose from the death of a one-year-old child, Houston Curtis, who had sustained a severe head injury. According to the allegations in Petitioner's attachments to the petition, Petitioner apparently threw the child onto a bed, or into a wall or hard furniture. While Petitioner acknowledges that throwing the child on the bed out of frustration was wrong, Petitioner contends that he did not possess the requisite intent or malice to be convicted of second-degree

murder. He states that he was only 18-years-old, had never spent much time with the victim or any other child, and "had [no] idea of the risk of throwing a child onto a bed, or into a wall or a hard piece of furniture. His written statement furthermore does not show that he knew death or serious injury would result from 'throwing' Houston." (Att. C to Pet., Page ID#17.)

Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same three claims presented in the instant habeas petition. The Michigan Court of Appeals, in an unpublished decision issued February 11, 2010, rejected all appellate issues and affirmed the conviction. The Michigan Supreme Court denied leave to appeal on July 26, 2010.

## Discussion

I. Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state-court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410. Moreover, the AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) (citing with approval *Harris*, 212 F.3d at 943 n.1). Where the circumstances suggest that the state court actually considered the issue, including where a state court has issued a summary affirmance, the review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harrington*, 131 S. Ct. at 784; *Harris*, 212 F.3d at 943. However, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances

in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

II.  Jury Instruction

In his first ground for habeas relief, Petitioner contends that the trial court erred in giving a jury instruction different from the one set forth in the Michigan Criminal Jury Instruction on second-degree murder. He asserts that the instruction both was improper under state law and violated the Due Process Clause of the Fourteenth Amendment.

Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000) (same). If Petitioner fails to meet this burden, he fails to show that the jury instructions were contrary to federal law. *Id.*

The Michigan Court of Appeals addressed the issue only as a matter of state law:

> Defendant first argues that his conviction should be overturned because the trial court erred when it gave a special jury instruction requested by the prosecution on the state of mind required for second-degree murder. Defendant contends that the standard criminal jury instruction, CJI2d 16.5(3), should have been used. We find no error requiring reversal.
>
> "This Court reviews de novo a defendant's claim of instructional error." *People v McKinney*, 258 Mich App 157, 162; 670 NW2d 254 (2003). In addition:

> The determination whether a jury instruction is applicable to the facts of the case lies within the sound discretion of the trial court. This Court reviews jury instructions in their entirety to determine "if error requiring reversal occurred." There is no error requiring reversal if, on balance, the instructions fairly present the issues to be tried and sufficiently protect the defendant's rights. [*People v Heikkiner*, 250 Mich App 322, 327; 646 NW2d 190 (2002) (citations omitted).]

"The offense of second-degree murder consists of the following elements: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999) (citations omitted). Malice has been defined as "the intention to kill, the intention to do great bodily harm, or the wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm." *People v Aaron*, 409 Mich 672, 728; 299 NW2d 304 (1980). The Michigan Criminal Jury Instruction on second-degree murder has, however, adopted the definition of malice from *People v Dykhouse*, 418 Mich 488; 345 NW2d 150 (1984). CJI2d16.5(3) states:

> Second, that defendant had one of these three states of mind: [he/she] intended to kill, or [he/she] intended to do great bodily harm to [name deceased], or [he/she] knowingly created a high risk of death or great bodily harm knowing that death or such harm would be the likely result of [his/her] actions.

Defendant argues that use of the *Aaron* definition instead of the *Dykhouse* definition constituted an abuse of discretion. We disagree.

> As repeatedly noted by this Court:
>
> [T]he Michigan Criminal Jury Instructions do not have the official sanction of the Michigan Supreme Court. "Their use is not required, and trial judges are encouraged to examine them carefully before using them, in order to ensure their accuracy and appropriateness to the case at hand." [*People v Gadomski*, 232 Mich App 24, 32 n 2; 592 NW2d 75 (1998), quoting *People v Petrella*, 424 Mich 221, 277; 380 NW2d 11 (1985).]

The trial court's use of the special jury instruction based on controlling authority that has not been overruled did not constitute an abuse of its discretion because it did not result in "an outcome falling outside [the] principled range of outcomes." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008), quoting *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

*People v. Bolden*, No. 288255, slip op. at 1-2 (Mich. Ct. App. Feb. 11, 2010).[1] In sum, under state law, the court of appeals found no error in the jury instruction.

Here, the state court did not address the federal due process question. As previously discussed, where it is clear that the state court did not address the federal claim, this Court is obliged to conduct *de novo* review. *McKenzie*, 326 F.3d at 727; *Wiggins*, 539 U.S. at 534; *Maples*, 340 F.3d at 437. As the state court held, however, Petitioner fails to demonstrate that the jury instruction was erroneous under state law. Because the instruction was correct under state law, Petitioner cannot show that it had any prejudicial effect, much less that it "so infused the trial with unfairness as to deny due process of law." *Estelle*, 502 U.S. at 75. Petitioner therefore cannot meet his burden of showing fundamental unfairness in violation of due process.

### III. Other Acts Evidence

Petitioner contends that the trial court abused its discretion under state law by admitting other-acts evidence that was sufficiently prejudicial as to violate his right to a fair trial under the Due Process Clause. Specifically, Plaintiff argues that the state court should not have admitted evidence of an incident that occurred four years after the death of Houston Curtis. The incident, to which Petitioner pleaded guilty, involved Petitioner punching his girlfriend's four-year-old daughter in the head. The trial court admitted into evidence the statement made by the young girl to the police officer, the doctor and the nurse. The trial court concluded that the evidence from the police officer was admissible under MICH. COMP. LAWS § 768.27c, as evidence of domestic violence. The trial court also concluded that the evidence was admissible under MICH. R. EVID.

---

[1] The decision is taken from the electronic docket and opinion website maintained by the Michigan Court of Appeals, http://coa.courts.mi.gov/documents/OPINIONS/FINAL/COA/20100211_C288255_41_288255.OPN.PDF.

404(b) for the purpose of showing Petitioner's intent, common plan or scheme, and the absence of mistake or accident.

The court of appeals, in addressing Petitioner's claim considered only whether the use of the evidence violated state law. The court of appeals concluded that the trial court improperly found the police officer's evidence admissible under MICH. COMP. LAWS § 768.27c. However, the appeals court held that any error in that basis of admission was harmless because the evidence was properly admissible through the police officer as an excited utterance under MICH. R. EVID. 803(2) and through the emergency room doctor or nurse under MICH. R. EVID. 803(4). In addition, the court of appeals concluded that the trial court did not abuse its discretion in concluding that the evidence was admissible under MICH. R. EVID. 404(b). *See Bolden*, No. 288255, slip op. at 2-3.

As previously noted, the extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle*, 502 U.S. 62, an inquiry into whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

State-court evidentiary rulings cannot rise to the level of due process violations unless they "'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th

Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552.

Petitioner cannot meet this difficult standard. The Supreme Court specifically has recognized that the admission of evidence of other crimes ordinarily does not raise a constitutional issue. In *Lisenba v. California*, 314 U.S. 219 (1941), the Supreme Court held that the states are free under the Fourteenth Amendment to admit evidence of other crimes in criminal cases when relevant to issues such as intent, design, or system. 314 U.S. at 227-28. *See also Estelle*, 502 U.S. 62 (holding that the admission of evidence of other bad acts does not violate due process). Nor can Petitioner demonstrate that, on the facts of this case, the use of evidence of other bad acts was so extreme and prejudicial that it deprived Petitioner of fundamental fairness. As the court of appeals recognized, the evidence of Petitioner's assault on another child victim provided by the three witnesses was relevant to Petitioner's intent and the absence of mistake in his treatment of Houston Curtis:

> The prosecutor offered the evidence to prove defendant's intent, common plan or scheme, and the absence of mistake or accident. The evidence was relevant to those issues, and the probative value of such evidence was not outweighed by the danger of unfair prejudice. Although defendant failed to request a limiting instruction, the trial court nevertheless provided one. Because the evidence of defendant's other violent act was admissible, the trial court did not abuse its discretion and defendant's claim is without merit.

*Bolden*, No. 288255, slip op. at 3. Moreover, as the state court observed, the jury was instructed that its consideration of the other crimes was limited to determining whether it showed a common intent, scheme or plan. (Br. in Supp. of Pet., 41.) Because the admission of other bad acts was both relevant and constitutionally permissible to show a common intent and the absence of accident, and

because the trial court reasonably limited the evidence and provided an appropriate instruction, admission of the evidence was not fundamentally unfair.

IV. Sentencing Error

In his final ground for habeas relief, Petitioner asserts that the trial court improperly scored Offense Variable 7 at 50 points, which is reserved for situations in which "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MICH. COMP. LAWS § 777.37(1)(a). Petitioner asserts that the improper scoring violated his constitutional right to be sentenced on accurate information and in accordance with state law.

The Michigan Court of Appeals addressed the issue as follows:

> The trial court did not err in scoring 50 points for OV 7. "Offense variable 7 is aggravated physical abuse." MCL 777.37(1). OV 7 is scored at 50 points when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). Sufficient evidence existed in the record to support the finding that defendant's act of throwing the infant victim was excessively brutal. The victim suffered a depressed skull fracture and a massive closed head injury as a result of defendant's actions. As a result of his injuries, the victim's body seized to the extent that medical personnel experienced difficulty establishing an airway for the child. Swelling of the victim's brain was so severe that it resulted in a crossing of the left hemisphere across the midline into the right hemisphere and was beginning to herniate out of the skull. Based on the extent of the victim's injuries suffered at the hands of defendant, combined with the victim's age, size, and helplessness, the trial court's scoring of 50 points on OV 7 is adequately supported.

*Bolden*, No. 288255, slip op. at 3.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir.

2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence also may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner

must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court should have decided the sentencing question differently under Michigan law. Such a claim clearly falls far short of the sort of egregious circumstances implicating due process. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   May 3, 2011                             /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge